304                    June 20, 2024                    No. 414

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Daniel Richard SCHILBERG,
*Petitioner-Appellant,*
*and*

Lynette Marie Glaros SCHILBERG,
*Respondent-Respondent.*

Jackson County Circuit Court
21DR08684; A180095

David J. Orr, Judge.

Argued and submitted November 7, 2023.

Jamie Hazlett argued the cause for appellant. On the opening brief was Maryanne Pitcher. On the reply brief was Garrett Ramsey.

Melisa A. Button argued the cause for respondent. Also on the brief was Hornecker Cowling LLP.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

On appeal from a dissolution of marriage judgment, husband asserts three assignments of error pertaining to the division of property. First, husband asserts that the trial court erred when ruling that wife was entitled to half of the appreciation of value of the two pieces of real property purchased during the marriage, arguing that the appreciation due to market forces is not subject to the presumption of equal contribution under ORS 107.105(1)(f).[1] Second, husband argues that the trial court should have found that wife's gambling expenses amounted to misappropriation or waste of marital assets and exercised its discretion to consider that waste when dividing the marital assets. Third, husband argues that wife received more than her share of personal property, and that the trial court erred in failing to offset the award of half of the real property appreciation value to wife with the value of the excess personal property. On all three assignments, we affirm.

We review the trial court's "resolution of legal questions for errors of law." *Maldonado and Freed*, 294 Or App 583, 589, 432 P3d 1154 (2018). We review "the trial court's ultimate determination as to what property division is 'just and proper in all the circumstances'" for abuse of discretion. *Kunze and Kunze*, 337 Or 122, 136, 92 P3d 100 (2004) (quoting ORS 107.105(1)(f)). While husband requests that we exercise our discretion to review this case *de novo*, we do not find this case to be exceptional, and accordingly, review the trial court's factual findings for any evidence to support them. *Stewart and Stewart*, 290 Or App 864, 866, 417 P3d 438 (2018).

---

[1] ORS 107.105(1)(f) states, in relevant part, that a judgment of dissolution may provide:

"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. In determining the division of property under this paragraph, the following apply:

"* * * * *

"(C) * * * there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

We start by addressing husband's argument that the trial court erred because, according to husband, the trial court found that the real property's appreciation in value was due "primarily to market forces," and, thus, husband rebutted the presumption of equal contribution for that asset. We conclude that husband misreads the trial court's findings. It is true that, after trial, the trial court issued an opinion letter and order that indicated it would find that the appreciation of the real property during the marriage was due "primarily to market forces." But, during the hearing on the form of the judgment, before the judgment was signed, the trial court clarified that it was, in fact, finding that husband had *not* rebutted the presumption of equal contribution because testimony and evidence established that the parties lived in the houses at various points, wife helped maintain the residences, and wife contributed to improvements on the residences. As a result, the judgment divided the appreciation of the residences accordingly.

Thus, the trial court did not abuse its discretion in granting wife half of the appreciation of value of the two real properties in the amount of $97,500.00. While the trial court found that husband rebutted the presumption of equal contribution as to the acquisition of the two real properties, it also correctly determined that the appreciation of those assets is marital property, and thus, separately subject to the rebuttable presumption of equal contribution under ORS 107.105(1)(f). *Massee and Massee*, 328 Or 195, 207, 970 P2d 1203 (1999). Husband argues, as he did below, that this case is analogous to *Kunze*, and therefore, that the court should have found that the appreciation in value was not attributable to wife's actions.

While the Supreme Court in *Kunze* held that the appreciation of a separately held commercial property was properly granted to the party holding the property separately, 337 Or at 143, the trial court correctly distinguished the circumstances in this case. In *Kunze*, the property at issue was a commercial property that "required minimal attention from either of the parties during the marriage, *** and husband d[id] not contend that his contributions during the marriage either directly or indirectly affected

that property."[2] *Id.* Here, the court found husband and wife lived in both of the residential properties at various times, contributed equally to household chores, and financially contributed to maintenance such as rebuilding a deck and updating the electrical system. In those circumstances we conclude it was not an abuse of discretion to conclude that the husband did not rebut the presumption of equal contribution and the just and proper division of assets would include dividing the appreciation of those properties evenly between the parties. *See id.* at 134 ("When the statutory presumption is not rebutted, this court has determined that, absent other considerations, the just and proper division of the marital assets is an equal division between the parties." (Internal quotation marks omitted)).

In his second assignment of error, husband argues that wife's supposed loss of $185,031.00 to gambling was a waste and misappropriation of marital assets and should be accounted for in the trial court's division of property. The trial court may consider a party's waste and misappropriation of marital assets in determining the just and proper division of property. *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 519, 816 P2d 672 (1991) (holding that the trial court was warranted in granting wife two-thirds of the marital assets due to husband using $275,000 of wife's money to open a restaurant that failed, and, without wife knowing, purchasing a house for his girlfriend to live in without paying rent). In this case, the trial court found that husband "knowingly permitted wife to access and use his separate funds for wife's gambling." Additionally, the trial court found that the evidence husband presented was insufficient to establish the amount wife actually lost. Given the trial court's findings regarding the disputed testimony as to the couple's gambling habits, the inconclusive nature of the bank withdrawals, and the failure to account for any winnings, we find no error by the trial court in rejecting husband's waste argument.

---

[2] The trial court also distinguished the facts of this case from cases such as *Lind and Lind*, 207 Or App 56, 62-63, 139 P3d 1032 (2006), and *Fuernsteiner-Perin and Perin*, 211 Or App 23, 29, 153 P3d 151 (2007), where the trial courts granted the appreciation due to passive influences to the party in possession of the separate asset because the assets were financial portfolios to which the other party did not contribute, while, in this case, the parties both live in and take care of the real properties that appreciated in value.

Finally, we conclude that the trial court did not err in awarding the parties the personal property in their possession without any equalizing award to husband. The trial court correctly found that husband and wife had commingled their personal property, converting the personal property into joint assets. *Kunze*, 337 Or at 141 (explaining that the commingling analysis considers "whether a spouse had intended to retain the separately acquired asset as separate property or whether, instead, that spouse's treatment of the separately acquired asset demonstrated an intent for that asset to become a joint asset of the marital partnership"). By sharing the personal property in their marital homes, using them together for work and leisure, the parties' treatment of the personal property demonstrated an intent for the personal property to be held jointly. Given that the property was jointly held and subject to a "just and proper" division under ORS 107.105(1)(f), on this record, the trial court did not abuse its discretion in awarding the parties the personal property items that were in their possession on the date of trial.

Affirmed.